a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARL DAVIS,<br>Plaintiff | CIVIL ACTION NO. 1:17-CV-1347-P |
| VERSUS | JUDGE DEE D. DRELL |
| CHAPLAIN SHIELDS, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Carl Davis ("Davis") (#03253-089) filed a complaint pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] and the Religious Freedom Restoration Act ("RFRA"). Davis has been granted leave to proceed *in forma pauperis*. (Doc. 7). Davis is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana ("FCI-P"). Davis complains he is being denied access to certain religious texts, preventing him from exercising his religion. Davis names as defendants Chaplain Shields and the BOP.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

I. Background

Davis alleges that, as an Orthodox Muslim, he is required to follow The Noble Quran and the Hadeeth, two Islamic texts. Davis alleges that Chaplain Shields confiscated these two books from the religious library on the grounds that they contain "terrorism material." (Doc. 1, pp. 8-9).

In response to Davis's administrative grievance in December 2015, the Regional Director advised that the books were being reviewed for appropriateness. (Doc. 1-2, p. 8). When the National Administrator responded to the grievance in July 2017, Davis was informed that the book review was ongoing. (Doc. 1-2, p. 10).

II. Law and Analysis

A. Davis's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Davis is a prisoner who has been allowed to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Davis's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Davis's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis

in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Davis fails to state a claim for monetary damages against the BOP and Defendant Shields in his official capacity.

In Bivens, the Supreme Court recognized an individual's right to seek recovery for the violation of constitutional rights by a person acting under color of federal law. Bivens, 403 U.S. at 297. Bivens is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors. See Evans v. Ball, 168 F.3d 856, 863 n. 10 (5th Cir. 1999) ("A Bivens action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials."), overruled on other grounds, Castellano v. Fragozo, 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003).

Bivens does not provide a cause of action against the United States or a federal agency, such as the BOP. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994); Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999); Moore v. United States Dep't of Agric., 55 F.3d 991, 995 (5th Cir. 1995). Additionally, a claim against a federal employee in his official capacity based on an alleged constitutional violation is also barred under Bivens, because it is equivalent to a claim against the federal agency itself. See Kentucky v. Graham, 473 U.S. 159, 165-67 (1985). Likewise, Davis cannot state a claim for monetary damages against the BOP and Chaplain Shields in his official capacity under the RFRA. See Williamson v. U.S.

3

Dept. of Agriculture, 815 F.2d 368, 380 (5th Cir. 1987); Tinsley v. Pittari, 952 F. Supp. 384, 389 (N.D. Tex. 1996).

Because Bivens and RFRA actions for monetary damages cannot be brought against a federal agency or an employee in his official capacity, Davis's claims for monetary damages against the BOP and Defendant Shields in his official capacity should be dismissed.

Additionally, Bivens does not authorized claims for injunctive relief. See Patel v. Santana, 348 F.App'x. 974, 976 (5th Cir. 2009) ("[I]njunctive relief against the BOP [is] a form of relief that would not be proper under Bivens.").

### III. Conclusion

For the forgoing reasons, IT IS RECOMMENDED that Davis's Bivens claim for monetary damages against the BOP and Chaplain Shields in his official capacity be DENIED and DISMISSED with prejudice. IT IS RECOMMENDED that, to the extent Davis seeks injunctive relief under Bivens, the claim be DENIED and DISMISSED with prejudice. Davis's Bivens claim for damages against Chaplain Shields in his individual capacity and Davis's claim for injunctive relief under RFRA will be served pursuant to a separate order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as

supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __28th__ day of December, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge